UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY GIBBS,

                Plaintiff,                No. 07-CV-15462-DT

vs.                                            Hon. Gerald E. Rosen

TIM BALL, et al.,

                Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     March 11, 2009

PRESENT: Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

      This matter is presently before the Court on Plaintiff Stanley Gibbs's March 2, 2009 motion for reconsideration of the Court's February 11, 2009 Opinion and Order adopting the Magistrate Judge's January 12, 2009 Report and Recommendation recommending that the Court grant Defendants' Motion for Summary Judgment and dismiss Plaintiff's Complaint in its entirety.  Although the Court had granted Plaintiff an extension of time -- until February 9, 2009 -- to file any objections, at the time when the Court entered its Opinion and Order, no objections had been filed with the Court. Objections were filed on February 12, 2009, the day after the Court entered its Opinion and Order.

Plaintiff, however, states that he delivered his objections to prison officials for mailing to the Court on February 6, 2009, and has provided the Court with copies of Michigan Department of Corrections Expedited Legal Mail Disbursements evidencing that fact. This, of course, would mean that Plaintiff "timely filed" his objections pursuant to the "prison mail box rule." *See Houston v. Lack*, 478 U.S. 266, 270 (1988); *see also, In re Prison Litigation Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997). Plaintiff, therefore, requests that the Court consider his objections and reconsider its decision in this matter.

The Court has given due consideration to Plaintiff's objections, but nonetheless finds that reconsideration of its February 11, 2009 decision is not warranted.

The requirements for the granting of motions for reconsideration are set forth in Eastern District of Michigan Local Rule 7.1(g), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(g)(3).

Therefore, in order to prevail on a motion for reconsideration, the movant must not only demonstrate a palpable defect by which the Court has been misled, he must also show that a different disposition of the case must result from a correction of that defect. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). Moreover, a

motion that merely presents the same issues already ruled upon by the Court -- either expressly or by reasonable implication -- will not be granted. L.R. 7.1(g). Plaintiff Gibbs's motion for reconsideration does just that -- it presents the same issues already ruled upon by the Court, either expressly or by reasonable implication. Furthermore, Plaintiff has not shown a "palpable defect" by which the Court has been misled.

For these reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration **[Dkt. # 30]** is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: March 11, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 11, 2009, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager